Alice H. Ware, SBN 102435
Law Office of Alice H. Ware
6930 Destiny Drive, Ste. 700
Rocklin, CA 95677
Ph: (916) 781-3355

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In Re: Marty Galindo,<br><br>            Debtor | Case No. 2010-26130<br>Hearing Date: 4/13/2010<br>Hearing Time: 9:30 a.m.<br>Courtroom: 35<br>Judge: Hon. Christopher Klein<br>Docket Control No.: AHW-01 |

## MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTOR'S BUSINESS

Alice H. Ware of the Law Office of Alice H. Ware, on behalf of the Debtor herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtor's Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on March 12, 2010. Michael D. McGranahan was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, the Debtor operates a Plumbing Contracting business. Said business is located at 9245 WagnerHeights Court, Stockton, CA 95209.The Debtor's tools of the trade and other business-related assets, if any, have been disclosed in the filed Schedule B and there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets

and (b) the exemptions, if any, in Schedule C claimed by the Debtor. The schedules, as filed with the Court, are incorporated herein by reference.

3. The Debtor is aware that, under the provisions of Title 11, US Codes §721, the Trustee has the authority to operate the Debtor's business; and then, only with an order of the Court. Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

4. However, the Debtor asserts that, based on the lack of any non-exempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

5. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtor, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the Debtor moves this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtor's Business.

## CERTIFICATION

I, Alice H. Ware, hereby certify under penalty of perjury that I have read the foregoing Motion for Order Compelling Abandonment of the Estate's Interest In Debtor's Business. I further certify that the contents thereof are true and correct to the best of my knowledge and belief. Executed on March 16, 2010 at Rocklin, CA 95677.

>  /s/ Alice H. Ware
>  Alice H. Ware, SBN 102435
>  Law Office of Alice H. Ware

Motion to Compel Abandonment of Business     2

Alice H. Ware, SBN 102435
Law Office of Alice H. Ware
6930 Destiny Drive, Ste. 700
Rocklin, CA 95677
Ph: (916) 781-3355

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| In Re: Marty Galindo, | Case No. 2010-26130 |
|---|---|
| Debtor | Hearing Date: 4/13/2010 |
| | Hearing Time: 9:30 a.m. |
| | Courtroom: 35 |
| | Judge: Hon. Christopher Klein |
| | Docket Control No.: AHW-01 |

## DECLARATION IN SUPPORT OF MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTOR'S BUSINESS

I, Marty Galindo, hereby submit this Declaration in Support of Motion for Order Compelling Abandonment of the Estate's Interest in Debtor's Business. This Declaration is based on the following facts:

1. My case was commenced with the filing of a petition on March 12, 2010. Michael D. McGranahan was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, I operate a Plumbing Contracting business. All of the assets related to the operation of this business (including equipment, furniture, inventory, tools of the trade, customer lists, accounts receivable, etc.) if any, have been disclosed in the filed Schedule B and there does not appear to be any business-related asset that can be profitably liquidated by the Trustee over and above the liens, if any, attaching to the business-related assets, as disclosed in Schedule D and the

Declaration – Motion to Compel Abandonment        1

exemptions, if any, as claimed in Schedule C.  The schedules, as filed with the Court, are incorporated herein by reference

3. I am aware that, under the provisions of Title 11, US Codes §721, the Trustee has the authority to operate my business; and then, only with an order of the Court.  Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

4. However, I assert that, based on the lack of any unexempt equity in any business equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

Wherefore, I join with my attorney in moving this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in my business.

## CERTIFICATION

I, Marty Galindo, hereby certify under penalty of perjury that I have read the foregoing Declaration in Support of Motion for Order Compelling Abandonment Of The Estate's Interest In Debtor's Business.  I further certify that the contents thereof are true and correct to the best of my knowledge and belief.  Executed on March 16, 2010at Sacramento, California.

*/s/ Marty Galindo*
Marty Galindo, Debtor